IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

**MICHAEL PALMER,**
*Individually, and on behalf of himself and others similarly situated,*

Plaintiff,

v.  No._____

**EM PROTECTIVE SERVICES, LLC** *and*
**ERIK MAASIKAS** *individually*  **FLSA 216(b) Collective Action**
 **JURY DEMANDED**

Defendants.

## ORIGINAL COLLECTIVE ACTION COMPLAINT

Plaintiff, Michael Palmer ("Plaintiff"), individually, on behalf of himself and others similarly situated (potential plaintiffs), files this Collective Action Complaint, averring as follows:

### I. INTRODUCTION

1. This is a collective action for violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq*. ("FLSA") brought against EM Protective Services, LLC and Erik Maasikas ("Defendants") on behalf of Plaintiff, individually, and on behalf of himself and other similarly situated hourly-paid security guards (potential plaintiffs), who were employed by Defendants during the three (3) years preceding the filing of this Complaint. Plaintiff and potential plaintiffs seek damages for unpaid overtime compensation for those who have worked for Defendants as hourly-paid security guards at any time within the three (3) years preceding the filing of this lawsuit. The unpaid overtime wage claims of Plaintiff and those similarly situated are unified through a common theory of Defendants' FLSA violations.

1

## II. JURISDICTION AND VENUE

2. This Court has original jurisdiction over this action under 29 U.S.C. §§ 201, *et seq.,* 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Defendants' principal offices are located in this district and they have conducted business within this District during all relevant periods to this action.

## III. PARTIES

4. Defendant EM Protective Services, LLC is a for profit Tennessee limited liability company with its principal address at 3868 Central Pike Apt. 1114, Hermitage, Tennessee 37076. According to the Tennessee Secretary of State, Defendant EM Protective Services may be served via its registered agent: Erik Maasikas at its principal place of business listed above.

5. Erik Maasikas is the principal owner and operator of EM Protective Services, LLC and has been responsible for the implementation and administration of the pay practices at issue here and exercised operational control of EM Protective Services, LLC during all times material to this lawsuit.

6. Plaintiff was employed by Defendants as a security guard during the three (3) year period immediately preceding the filing of this Complaint. Plaintiff Palmer's Consent to Join this collective action is attached hereto as *Exhibit A*.

## IV. FACTUAL BASIS FOR SUIT

7. Defendant EM Protective Services, LLC is located in Nashville, Davidson County, Tennessee and provides protection of assets, security, and safety services for its customers in Tennessee.

8. Plaintiff Michael Palmer and similarly situated security guards were classified as

independent contractors, rather than employees covered by the FLSA.

9. As such, Defendants failed to compensate Plaintiff and similarly situated security guards for hours performed over forty (40) per week within weekly pay periods at the applicable FLSA overtime compensation rates of pay during all times material to this Complaint.

10. Plaintiff and those similarly situated typically worked forty (40) or more hours per week for Defendants during all times material to this action.

11. Plaintiff and those similarly situated would only be paid their straight time hourly rate of pay for all hours worked over forty (40) per week.

12. A review of the relationship between Defendants and Plaintiff and similarly situated security guards demonstrate that Defendants failed to meet the independent contractor test under the FLSA to qualify for an overtime compensation exemption as to Plaintiff and those similarly situated.

13. Plaintiff and those similarly situated do not/ did not qualify as independent contractors during all times material based on the following:

 a) They had no opportunity for profit or loss;
 b) They merely completed their shift as assigned and directed by Defendants and an hourly rate of pay;
 c) They did not engage in marketing or advertising or other efforts to expand Defendants' business or provide more work for themselves;
 d) They made no investments into Defendants' business;
 e) They had no discretion to set or adjust prices or rates of Defendants' security services.
 f) They made no decisions related to hiring others, purchasing supplies or equipment

on behalf of Defendants;

    g) They had to perform the specific security job assigned to them and if they failed to perform the assigned job their pay was subject to being docked as punishment;

    h) Their assigned security duties were critical, necessary and an integral part to Defendants' security business and, without such security services performed by them, Defendants' business would not have existed;

    i) They did not purport to be in business for themselves or in any way attempt to undermine Defendants' business relationship with their customers.

    j) They did not possess any skills of a particular or advanced nature; and

    k) They did not exercise any independent discretion or judgement related to their security services.

14. Defendants have been the "employers" of Plaintiff and potential plaintiffs within the meaning of 29 U.S.C, § 203(d) and § 203(r) at all times material to this action.

15. At all times material to this action, Plaintiff and potential plaintiffs have been "employees" of Defendants as defined by Section 203(e)(1) of the FLSA, and worked for Defendants within the territory of the United States within three (3) years preceding the filing of this Collective Action Complaint.

16. At all times material to this action, Defendants have been an enterprise engaged in commerce and production of goods for commerce as defined by section 203(s)(1) of the FLSA.

17. Plaintiff and similarly situated security guards also have engaged in commerce during the applicable statutory period.

18. Defendant Maasikas has been a principal owner and operator of EM Protective Services,

4

LLC and responsible for the implementation and administration of its pay practices, including the decision not to pay Plaintiff and similarly situated security guards one-and one-half their regular hourly rates of pay for all hours over forty (40) within weekly pay periods during all times material to this action.

19. Defendant Maasikas in his capacity as owner and operator of EM Protective Services, LLC has engaged in commerce during the applicable statutory period.

20. Defendants' business operations have crossed state lines within weekly pay periods during all times material to this Collective Action Complaint.

21. Defendants have had a centralized time keeping system in which Plaintiff and those similarly situated were required to clock in and out of a google app for the purpose of recording their compensable time during the three (3) year period preceding the filing of this Collective Action Complaint.

22. Plaintiff and similarly situated hourly-paid security guards have been subject to Defendants' aforementioned timekeeping and compensation plans, policies, and practice during all times relevant to this action.

23. Defendants have had a common policy, plan, and practice of only paying straight time for all hours worked over forty (40) per week and failing to pay Plaintiff and similarly situated security guards one-and one-half times their regular hourly rates of pay for all overtime hours within weekly pay periods during all times material to this Collective Action Complaint.

24. Plaintiff and similarly situated security guards have not received one and one-half times their regular hourly rates of pay for all hours worked over forty (40) within weekly pay periods during the three (3) year period preceding the filing of this Collective Action

Complaint.

25. Plaintiff and other similarly situated security guards complained to Defendants that they were not receiving one and one-half their regular hourly rates of pay for all hours worked over forty (40) within weekly pay periods during all times material to this lawsuit.

26. Defendants were aware Plaintiff and similarly situated security guards were not receiving one and one-half times their regular hourly rates of pay for all hours worked over forty (40) within weekly pay periods during the three-year period preceding the filing of this action as it was Defendants policy to only pay their hourly-paid security guards their straight time rate of pay for all hours worked over forty (40) per week.

27. The aforementioned unpaid overtime claims of Plaintiff and those similarly situated are unified through a common theory of Defendants' FLSA violations.

28. Defendants willfully failed to compensate Plaintiff and similarly situated security guards at their regular hourly rates of pay for all hour worked over forty (40) within weekly pay periods during all times material to this Collective Action Complaint.

29. Defendants knew and were aware they were not compensating Plaintiff and those similarly situated at their regular hourly rates of pay for all hours worked over forty (40) within weekly pay periods during all times material to this Collective Action Complaint, without a good faith basis for their failure.

30. Defendants' common policies and practices of not compensating Plaintiff those similarly situated for all their compensable overtime hours at the applicable FLSA overtime rates of pay have violated the provisions of the FLSA, 29 U.S.C. § 207(a)(1).

31. As a result of Defendants' lack of good faith and willful failure to pay Plaintiff and potential plaintiffs in compliance with the requirements of the FLSA, Plaintiff and potential

plaintiffs have suffered lost wages in terms of lost overtime compensation as well as other damages.

32. The net effect of Defendants' common plan, policy, and practice of practice of failing to pay Plaintiff and similarly situated security guards one-and one-half times their regular hourly rates of pay for all hours worked over forty (40) within weekly pay periods during all times material to this collective action is they unjustly enriched themselves and enjoyed ill-gained profits at the expense of Plaintiff and potential plaintiffs.

## V. FLSA COLLECTIVE ACTION ALLEGATIONS

33. Plaintiff brings this case as a collective action on behalf himself and other similarly situated individuals pursuant to 29 U.S.C. § 216(b) to recover unpaid overtime compensation, liquidated damages, statutory penalties, attorneys' fees and costs, and other damages owed.

34. Plaintiff brings this Complaint as a collective action, alleging violations of the FLSA on behalf of himself and all similarly situated individuals and seeks to send notice of this action and allow the opportunity for the following similarly situated persons or potential plaintiffs to join:

> All current and former security guards employed by Defendants as independent contractors who were not paid one and-one half times their regular hourly rates of pay for all hour worked in excess of forty (40) hour per week, occurring anywhere in the United States within weekly pay periods during the three (3) years preceding the filing of this action ("potential plaintiffs"). [1]

35. Plaintiff seeks to pursue his unpaid overtime wage claims against Defendants on behalf of himself, individually, and on behalf of himself and all other similarly situated hourly-paid security guards.

---

[1] Plaintiff reserves the right to amend potential plaintiffs Description upon the discovery of additional facts.

36. Plaintiff and potential plaintiffs are "similarly situated" as the term is defined in 29 U.S.C. §216(b) because, *inter alia*, Defendants employed a common pay system that resulted in a failure to pay Plaintiff and potential plaintiffs for all hours worked over forty (40) at one and one-half times their regular hourly rates of pay, as required by the FLSA.

37. This action is properly maintained as a collective action because Plaintiff is similarly situated to potential plaintiffs with respect to Defendants' pay and compensation policies and practices.

38. The collective action mechanism is superior to other available methods for a fair and efficient adjudication of this controversy. Defendants have acted or refused to act on grounds generally applicable to potential plaintiffs. The prosecution of separate actions could create a risk of inconsistent and varying adjudications, place a substantial and unnecessary burden on the courts and/or substantially impair the ability of potential plaintiffs to protect their interests.

39. Plaintiff will fairly and adequately protect the interests of potential plaintiffs as his interests are in complete alignment with those of potential plaintiffs, i.e. to pursue their aforementioned unpaid overtime compensation claims.

40. Counsel for Plaintiff will adequately protect his interests as well as the interests of all putative potential plaintiffs.

41. Defendants knew Plaintiff and potential plaintiffs performed worked in excess of forty (40) hours per week within weekly pay periods that required overtime compensation to be paid. Nonetheless, they operated under a common policy and practice to deprive Plaintiff and potential plaintiffs of such overtime compensation.

42. Defendants' conduct, as alleged herein, was willful and has caused significant damage to

Plaintiff and potential plaintiffs.

43. Defendants did not have a good faith basis for their failure to compensate Plaintiff and potential plaintiffs for all their compensable overtime hours at the FLSA applicable overtime rates of pay within weekly pay periods during all times material to this action.

44. Therefore, Defendants are liable to Plaintiff and potential plaintiffs under the FLSA for failing to properly compensate them for their aforementioned unpaid overtime pay.

45. Plaintiff requests this Court to authorize notice to potential plaintiffs to inform them of the pendency of this action and their right to "opt-in" to this lawsuit pursuant to 29 U.S.C. § 216(b), for the purpose of seeking unpaid overtime compensation, as well as liquidated damages, under the FLSA, and the other relief requested herein.

46. Plaintiff estimates there are more than sixty (60) potential plaintiffs. The precise number of collective potential plaintiffs can be easily ascertained by examining Defendants' payroll, scheduling, timekeeping, personnel and other work-related records and documents.

47. Plaintiff and potential plaintiffs' unpaid overtime compensation claims may be determined partially by an examination of Defendants' payroll, scheduling, time keeping, personnel and other such work-related records and documents.

## COUNT I
**(Violation of the Fair Labor Standards Act)**

48. Plaintiff incorporates by reference all preceding paragraphs as fully as if written herein.

49. At all relative times, Plaintiff and potential plaintiffs have been entitled to the rights, protections, and benefits provided under 29 U.S.C. § 201, *et seq*.

50. At all relevant times, Defendants have been "employers" engaged in interstate commerce consistent with 29 U.S.C. § 206(a) and 207(a). Plaintiff and potential plaintiffs also have

engaged in interstate commerce during all times material to this action.

51. At all relevant times, Defendants employed Plaintiff and potential plaintiffs consistent with the terms of the FLSA.

52. At all relevant times, Plaintiff and potential plaintiffs were "employees" of Defendants within the meaning of the FLSA's overtime wage requirements.

53. Plaintiff and other potential plaintiffs have been similarly situated individuals within the meaning of the FLSA, 29 U.S.C. § 216(b) at all relevant times, as previously described.

54. As a result of Defendants' common policy and practice of working Plaintiff and potential plaintiffs over forty (40) hours per week within weekly pay periods without compensating them for all such overtime hours at one and one-half times their regular rates of pay during such weeks, they violated the FLSA.

55. Section 207(a)(1) of the FLSA states that an employee must be paid overtime, equal to at least one and one-half (1.5) times the employee's regular rate of pay, for all hours worked in excess of forty (40) hours per week. Pursuant to 29 C.F.R. § 778.315, compensation for hours worked in excess of forty (40) hours per week may not be considered paid to an employee unless that employee is compensated for all such overtime hours worked.

56. Through their actions, policies, practices, and plans, Defendants violated the FLSA by regularly and repeatedly failing to compensate Plaintiff and potential plaintiffs for all hours worked in excess of forty (40) per week at one and-one half times their regular hourly rates of pay within weekly pay periods during all times material to this Collective Action Complaint, as required by the FLSA.

57. Defendants' actions were willful with reckless disregard of clearly applicable FLSA provisions.

58. Defendants' actions were not in good faith.

59. The unpaid overtime claims of Plaintiff and potential plaintiffs are unified through a common theory of Defendants' FLSA violations.

60. As a direct and proximate cause of Defendants' unlawful conduct, Plaintiff and similarly situated employees have suffered and will continue to suffer a loss of income and other damages.

61. Therefore, Defendants are liable to Plaintiff and other members of potential plaintiffs for actual damages, liquidated damages and equitable relief, pursuant to 29 U.S.C. § 216(b), as well as reasonable attorneys' fees, costs and expenses.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff and potential plaintiffs request the Court to enter judgment in their favor on this Complaint and:

a) Award Plaintiff and similarly situated employees FLSA statutory damages against Defendants;

b) Award Plaintiff and similarly situated employees all unpaid overtime compensation against Defendants;

c) Find and declare that Defendants' violations of the FLSA were willful, and accordingly, the three (3) year statute of limitations under the FLSA applies to this action;

d) Award Plaintiff and potential plaintiffs liquidated damages in accordance with the FLSA;

e) Award prejudgment interest (to the extent that liquidated damages are not awarded);

f) Award Plaintiff and potential plaintiffs reasonable attorneys' fees and all costs of this action, to be paid by Defendants, in accordance with the FLSA;

g) Award post-judgment interest and court costs as allowed by law;

h) Enter an Order designating this action as an opt-in collective action under the FLSA;

i) Enter an Order directing the issuance of notice to potential plaintiffs pursuant to 29 U.S.C. § 216(b);

j) Allow Plaintiff to amend his Complaint, if necessary, as new facts are discovered;

k) Provide additional general and equitable relief to which Plaintiff and potential plaintiffs may be entitled; and

l) Provide further relief as the Court deems just and equitable.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a **TRIAL BY JURY** on all issues so triable.

Dated: February 8, 2024

Respectfully Submitted,

*s/J. Russ Bryant*
Gordon E. Jackson (TN BPR #8323)
J. Russ Bryant (TN BPR #33830)
J. Joseph Leatherwood IV (TN BPR #39490)
**JACKSON SHIELDS YEISER HOLT OWEN & BRYANT**
Attorneys at Law
262 German Oak Drive
Memphis, Tennessee 38018
Telephone: (901) 754-8001
Facsimile: (901) 754-8524
*gjackson@jsyc.com*
*rbryant@jsyc.com*
*jleatherwood@jsyc.com*